### DAVENPORT v. WELLS.

Where a party contracts to deliver personal property, for which he has received the price, on a certain day, and refuses so to do, he is liable for the highest price between the day of delivery, and either the commencement of the suit, or the day of trial.

As a promissory note or due bill, payable in personal property, is *prima facie* evidence of indebtedness, or of having received the price, the payor would be liable to the same extent in an action on the note.

*Appeal from the Warren District Court.*

ON the 27th of April, 1855, Wells gave to Davenport his due bill for seven hundred and sixty-six pounds of flour, and fifteen and a half bushels of bran, made payable on the same

Davenport v. Wells.

day. On the same day, Davenport demanded the flour and bran, and Wells paid one hundred pounds of flour, but had not the remainder of the articles promised. It is agreed that flour was worth $3.50 per hundred, on that day, and bran six cents per bushel. On the 16th of July, plaintiff again made a demand. The defendant did not deliver the articles, but tendered a sum of money equal to their value, on the 27th of April, at the above prices, with interest. It is agreed that on the 16th of July, flour was worth $5.00 per hundred, and bran the same as on the former day. The plaintiff refused to receive the tender, and brought suit.

The court held, that the plaintiff was entitled to the price as it was on the 16th of July, and rendered judgment accordingly. From this, the defendant appeals.

*Clarke & Henley*, for the appellant.

*P. Gad Bryan*, for the appellee.

WOODWARD, J.—The rule is, that when the contractor has received the price, he is liable for the highest price between the day of delivery, and either the commencement of suit, or the time of trial, but which of these, it is not necessary now to determine; and as a promissory note or due bill is *prima facie* evidence of indebtedness, or of having received the price, this case would stand upon that rule. See *Cannon* v. *Folsom*, 2 Iowa, 101; *Foley* v. *McKeegan*, at the December term, 1855, of this court.

When this cause was before the court at the last term, the statement of facts was ambiguous, and led to the supposition that the tender was made on the 27th of April, the day the due bill was made and was due, in which case the former decision was right.

The judgment of the District Court is affirmed.