## STAPLETON v. KING ET AL.

1. **Res Adjudicata:** CONTRACT: PRACTICE. Where, in an action upon a contract to which the plea in defense was a substituted contract, the validity of the contract sued on was established, it was *held* in another action founded upon the same contract, that the questions determined by the former judgment were *res adjudicatae.*

2. ———: ———: ———. A claim for damages, based upon the substituted contract, could not be maintained.

3. **Practice:** EVIDENCE. While the evidence of a juror is admissible to show the identity of the subject matter in different actions, it cannot be received to contradict the record.

4. **Pleading:** PRACTICE: CONTRACT: MORTGAGE. In an action for breach of contract, to secure the performance of which the obligor had executed a mortgage, it is not a misjoinder to ask a foreclosure of the mortgage.

5. **Damages:** MEASURE OF: BREACH OF CONTRACT. Upon a breach of contract for the delivery of goods paid for before the time of delivery. the measure of damages is the highest market price between the time of delivery and the time of commencing action, if the action has not been unreasonably delayed.

*Appeal from Johnson District Court.*

FRIDAY, MARCH 19.

THIS is an action upon a contract which is in the following words:

"Memoranda of an agreement made and entered into between David Stapleton and Josiah M. Thompson, from

Butler county, Pennsylvania, parties of the first part, and John Porter and Pearson A. King, of Johnson county, Iowa, parties of the second part, witnesseth:

That the said parties of the first part have this day delivered unto the said parties of the second part three hundred and fifty-four head of good sheep, from half to three-quarters blood. Of said sheep three hundred (300) are ewes and fifty-four (54) are wethers, and of said lot of sheep fifty (50) head are lambs, and the balance of the lot, to-wit, three hundred and four (304) are from one to five years old, and all at the time of delivery to the said parties of the second part, are healthy, in good condition, and free from disease; upon the following terms, to-wit:

The said parties of the second part agree to take good care of said sheep, keep up the number of the flock and of as good quality of sheep, with as fine a staple of wool as in the flock now delivered to them, and to tend them in a good, husbandlike manner, and bind themselves to deliver unto said parties of the first part, annually, at shearing time, two (2) pounds of well washed wool of fair average quality, to be delivered by the said parties of the second part, at shearing time, or as soon thereafter as may be demanded, at the residence of said Porter & King, in Johnson county.

This contract, commencing at the date hereof, shall continue in force for seven (7) years from said date, and on the expiration thereof, the said parties of the second part agree and bind themselves to deliver unto said parties of the first part three hundred and fifty-four (354) head of good sheep of the same quality, age and condition as the flock now delivered to them by said parties of the first part. *Provided*, that in case of the death of the said parties of the second part before the expiration of the seven (7) years aforesaid, from the date hereof, then and in that case this contract shall expire on the 17th day of September next succeeding the decease of the said parties of the second part, and this contract shall be then closed, and the number of sheep as herein stipulated delivered to the said parties of the first part, and this contract

observed in all respects as though the full term of seven (7) years were fully complete and ended from the date hereof.

Witness our hands this 17th day of September, A. D. 1864.

DAVID STAPLETON,
JOSIAH M. THOMPSON,
JOHN PORTER,
PEARSON A. KING."

The petition shows the assignment of Thompson's interest in the contract to plaintiff, and alleges that there is now due thereon the wool of the sheep for the years 1870 and 1871, stating its amount and value, and a demand therefor, and the refusal of defendants to deliver the sheep under the contract, and their value. It is also shown that defendant, King, executed, with his wife, a mortgage upon certain lands to secure the performance of the contract, and that another mortgage was executed by defendant, Porter, upon other lands for the same purpose.

Judgment is sought against the defendants for the sum due on the contract, and a foreclosure of both mortgages is prayed for in the petition.

The defendants moved the court to strike out of the petition all portions thereof relating to the mortgages, on the ground of improper joinder of the causes of action thereon, which are several against the respective mortgagors, and can not be joined with the action on the contract against them. This motion was overruled, defendants excepting.

The answer of defendants admits the execution of the instruments sued on, and the failure of defendants to deliver the sheep and wool mentioned in the contract, and denies all other allegations of the petition not expressly admitted.

For further defenses defendants aver that the sheep did not comply with the terms of the contract, but were diseased, from the effects of which they and their increase died before the time for their delivery to plaintiffs, whereby plaintiffs' covenants in the contract were wholly broken, and defendants failed to receive the consideration for their undertaking therein expressed; that by the mutual agreement of the par-

ties this contract was rescinded and set aside; that after the sheep were discovered to be diseased the parties entered into a subsequent verbal contract to take the place and suspend the one sued upon, whereby it was agreed that defendants should retain the sheep, or those that remained, having escaped destruction from disease, and feed and care for them, and plaintiffs should receive one-half of the wool shorn from them each season thereafter in satisfaction for their claim for wool, and to receive back from defendants the sheep that should survive, and that the sheep were so kept by defendants under the contract, and they delivered the wool under the verbal contract, except for two years, for which plaintiffs, in a former action, have recovered judgment against defendants, and that defendants offered to return the sheep remaining alive, which plaintiffs refused to receive, and these, before the shearing season of 1870, died. By an additional answer, defendants aver that, in a former suit, upon the identical contract which is the foundation of this action, for the recovery of the wool accruing to plaintiffs for the years intervening from 1865 to 1869 inclusive, the new verbal contract and defendants' rights thereunder were pleaded as a defense, and the issues raised thereon were submitted to the court and jury and determined for plaintiffs, and the judgment in that case is pleaded as a bar in this.

Plaintiffs, for replication, set up that upon a claim made by defendants for damages on account of loss of wool, etc., growing out of the alleged diseased condition of the sheep, the parties settled and adjusted all differences and demands for damages by defendants, and plaintiffs thereupon executed a written contract which was received and assented to by defendants and thereby became binding upon them, whereby they released all claims for damages now set up by them. The instrument is in these words: "Received of Pearson A. King and John Porter two hundred and sixty-five pounds of wool, due on one hundred and seventy-seven of the sheep said King and Porter got of us on prior contract in the fall of 1864, and the abatement thus made is to settle all difficulty of alleged

disease in said sheep. David Stapleton, for Stapleton & Thompson."

The plaintiffs, in their replication, also plead that the defense of the defendants herein set up was pleaded in a former action upon the contract herein sued upon, to recover the value of the wool for certain years, being the same action referred to in defendants' answer, and it was adjudged that the contract set out in the replication was a settlement of all matters pleaded in defendants' answer.

The case was sent to a referee, and upon his report a judgment was rendered for plaintiffs. Defendants appeal.

*Clark & Haddock*, and *J. D. Templin*, for appellants.

*Edmonds & Ransom*, and *Boal & Jackson*, for appellees.

BECK, J.—I. The proceedings and judgment in the prior cause between the same parties, that are now before us in this action, were admitted in evidence, together with the judgment and opinion of the court rendered upon in this court. See 33 Iowa, 28. The judgment in that action is pleaded in this by both parties. The plaintiffs claim that all questions arising upon the contract set up in their replication, were decided in their favor, and are *res adjudicatae*, while the defendants insist that the defense of a new contract, pleaded by them in this action, was decided in their favor in the former suit, and the existence of that contract cannot now be questioned. The referee sustained the claim of the plaintiffs.

1. RES ADJU-
DICATA:
contract:
practice.

The answer of the defendants in the former suit set up the defense of the new contract substantially as it is pleaded in this action. There was a verdict and judgment thereon for plaintiffs. The claim of plaintiffs in that action was for the value of the wool for certain years. The verdict was for less than the amount of plaintiffs' claim. Defendants insist that the verdict is consistent with the finding of the jury for defendants, as a part of the wool, which defendants, under the new contract as pleaded by them, were bound to deliver, had not, in fact, been received by plaintiffs. But the ready and

effective answer to this position is this: the defense went to deny plaintiffs' right to recover at all on the contract sued upon. It sets up an abrogation of that contract by the substitution of a new one. Hence, if the jury had found the issues involved in this branch of the case for defendants, no verdict, in any sense, would have been returned for plaintiffs. It follows that the jury found against the defendants upon the issue of the new contract raised in the answer; and as the same defense is pleaded in almost the same words in this action, which is upon the identical contract sued upon in the former, we have no difficulty in concluding that the matters involved therein must be regarded as *res adjudicatae*.

II. We have no more difficulty in determining that all matters involved in the receipt or contract set out in plaintiffs' replication, are also *res adjudicatae*. It was

2. ——: —: held by this court in the prior case that the instrument was a contract in its nature, and could not be explained, contradicted, or varied by parol evidence. See 33 Iowa, 28. The conclusion, therefore, of the referee, to the effect that, under the former adjudication of the contract, defendants could not set up any claim for damages by reason of the diseased condition of the sheep, is correct. The question whether the instrument was a receipt or a contract was before the court in the former case, and it was found to be a contract. The identical question is in this case and the former decision of this court holding the instrument to be a contract, and incapable of being explained or varied by parol evidence, must be followed.

The finding of the referee upon the issue whether subsequently to the execution of this contract another agreement was entered into, whereby plaintiff agreed to take back the sheep, is not in conflict with the evidence, and cannot be disturbed.

III. The defendants offered to introduce the testimony of certain jurors, who sat in the first case, to prove that the

3. ——: finding upon *that* trial was in fact for defendants
evidence. upon the issue involving the new and substituted contract. This evidence was rejected, and the ruling is assigned as error.

Upon the question of the identity of the matters involved in the respective suits, if the records do not show such identity, or it is left in uncertainty by the records, parol evidence is admissible. * But evidence of this character cannot be heard to contradict the record. 2 Phillips on Ev., (Cowen & Hill and Edwards' notes), pp. 21, 124. As we have seen, the issues in the former case were found for plaintiff as shown by the record. The existence of the new contract was in issue, and a verdict for plaintiffs necessarily involved the finding by the jury that no such contract was entered into between the parties. A contrary conclusion would require us to hold that the cause was not tried upon the issues presented in the pleadings, and that the jury were permitted by the court to give a verdict for defendants upon a contract not declared on by the plaintiff. We can entertain no such presumptions against the regularity and correctness of judicial proceedings. The evidence offered by defendants in effect tended to contradict the record of the first cause, and was, therefore, properly excluded.

IV. The objection to the joinder of the causes of action upon the several mortgages in one action, we think was not well taken. The mortgages are but the securities upon the contract and incidents thereto. The action is to give plaintiffs the relief to which the law entitles them, under the contract; the foreclosure of the mortgages is a part of that relief. Why mete out the relief in separate actions? And what prejudice results to defendants in being required to defend against the respective mortgage, executed by each in one action? Relief may be granted without prejudice to either defendant, in one action. Equity, abhorring a multiplicity of suits, will never send a suitor from its bar to bring another action, when relief may be granted, fully and completely, and without injustice to others, in an action wherein it has acquired jurisdiction of the parties and the subject matter in controversy. We know of no provision of our Code in conflict with this principle.

V. The referee found, as matters of fact, that the wool for which plaintiff is entitled to recover was of the value of fifty

cents per pound when it should have been delivered, and when demanded it was of the value of sixty-two and one-half cents, which was the highest market price up to the day of trial, and that there was no unreasonable delay in making the demand or in bringing this action; and that the sheep were worth, when demanded, $3.37½ per head, and the same price when they should have been delivered. These findings, we think, are not in conflict with the evidence. As a conclusion of law he found that plaintiffs were entitled to recover for the sheep at the rate of $3.37½ per head, and for the wool at the rate of 62½ cents per pound. Defendants complain of the referee's conclusion as to the price allowed for the wool, and insist that it is erroneous.

*5. DAMAGES: measure of: breach of contract.*

When the piece of property contracted to be delivered has been paid for prior to delivery, the plaintiff may recover the highest market price prevailing between the day fixed for delivery, and the day of bringing suit, if the action has not been unnecessarily delayed. *Cameron v. Folsom*, 2 Iowa, 102; *Davenport v. Wells*, 3 Iowa, 242. The wool for which plaintiff is entitled to recover was paid for under the contract by the delivery of the sheep to defendants. The highest market price was upon the day of the demand, before suit was brought, which, as we have seen, was not unreasonably delayed. The referee correctly based his estimate of damages upon that price, while there may be, under the cases just cited, a dispute as to the correctness of the rule of damages contained in the announcement of his conclusion of law upon this point.

The foregoing discussion disposes of all objections raised by defendants to the judgment of the District Court.

AFFIRMED.