RUPPERT ET AL. v. THE C., O. & ST. J. R. Co.

1. **Railroads**: AD QUOD DAMNUM: TENANTS IN COMMON. Where a railway company applies for the appointment of commissioners to assess the damages for right of way across land held by tenants in common, it should cause the damages to be awarded separately, if the owners' interests can be ascertained. But a failure to procure such award and a settlement with one of the owners does not deprive the others of right of appeal.

2. ———: ———: ———: SETTLEMENT WITH ONE. An acceptance of the sum awarded by the commissioners by one of the tenants in common does not conclude the other, and he is still entitled to compensation for his interest.

3. ———: ———: ———: A partition of the premises pending the appeal does not have the effect to dismiss it. The right of way is acquired when the damages assessed are paid to the sheriff, and all conveyances made afterward are subject to the title of the company to such right of way.

*Appeal from Cedar Circuit Court.*

TUESDAY, JUNE 13.

THE appellants, John and August Ruppert, were the owners as tenants in common of certain real estate in the county of Johnson, through which the defendant desired to locate its road. To this real estate they held title from a common grantor and by one deed.

The defendant made application to the sheriff of Johnson county for the appointment of commissioners to assess the damages for right of way across said land and notified the

said John and August Ruppert of such application. Whether a single notice ran to them jointly, or whether each was notified separately does not distinctly appear, but damages for the sum of $200 were assessed to them jointly, and it will be assumed that the notice was joint. Within thirty days, the time given by statute, the said John and August Ruppert served each upon the defendant a notice of appeal, which notices were filed with the clerk of the Circuit Court of Johnson county, and the case was duly entered upon the calendar. The damages assessed were paid by defendant to the sheriff.

Afterwards, and before any further proceedings were had, the said August Ruppert accepted one-half of the damages assessed, to-wit: the sum of one hundred dollars, and executed to the defendant a deed purporting to convey a right of way across the premises in question, and not merely across his undivided half.

Afterwards the defendant changed the place of trial by removing the case to the Circuit Court of Cedar county, and filed in said court a motion to dismiss the appeal upon the following grounds:

" 1.   The appeal is not properly taken.

" 2.   No assessment was ever made in the name of appellant.

" 3.   Appellant was never notified of any assessment of the land in question.

" 4.   The assessment was for a gross amount to John and August Ruppert over lands held by them as tenants in common.

" 5.   Said assessment has been concurred in and any appeal released and dismissed after taken.

" 6.   No appeal was in fact ever taken or perfected or docketed in Johson county."

Pending the hearing of said motion the said John asked and obtained leave to appear for the said August Ruppert, and make him party plaintiff in the appeal and file a petition in his behalf, and thereupon the said John Ruppert filed such petition.

For the purposes of the hearing on the motion to dismiss

the appeal, it was admitted that the said August Ruppert received one-half of the damages assessed, and executed the deed of right of way, without the knowledge or consent of said John Ruppert. It was also admitted that, after the appeal was taken, the said John and August Ruppert made a voluntary partition of said land. Thereupon the court ruled that the said August Ruppert was estopped from prosecuting the appeal, and dismissed the appeal as to both. From that order the plaintiffs appeal to this court.

*Cornell Bros.*, for appellants.

*Boal & Jackson* and *Wolf, Landt & Yates*, for appellee.

ADAMS, J.—I. It is contended by the appellee that August Ruppert did not appeal. We think the record shows that he did appeal. The appeal was perfected when he served notice of the appeal upon the defendant. Besides, we are of the opinion that he was not a necessary party to the appeal, so far as John Ruppert was concerned. It is true that in *The Chicago, R. I. & P. R. R. Co. v. Hurst*, 30 Iowa, 73, the court held that where damages for a right of way of a railroad company are assessed jointly to two persons as owners of the land, an appeal cannot be taken and prosecuted by one of them without uniting the other therein, or making him a party thereto by notice or otherwise. This seems to be the correct rule. Whatever judgment is rendered upon the appeal the original assessment must be considered as merged in that judgment. But the judgment upon appeal may be less than the original assessment, and it would not be right to allow one joint owner of the land to deprive the other of the assessment, if he preferred to abide by it.

In this case, however, it was made to appear, previous to the hearing, that August Ruppert had accepted one-half of the damages assessed and executed a deed of a right of way. He was no longer a proper party to the appeal; but there was no reason why the appeal could not proceed as to the damages to which John Ruppert was entitled. By the deed from August the defendant acquired only one-half of a right of way

across the premises. It is true that the deed purported to convey the whole right of way; but August could not convey more than he owned. In fact, his deed conveyed really nothing. The whole right of way was acquired by the condemnation and payment to the sheriff, and passed as effectually as if John and August had then executed a deed. The only question which remained was as to whether the damages assessed should be increased or diminished. After August accepted one-half the amount assessed, leaving the other half for John, the question then was whether John's damages should be increased or diminished.

It seems to us that where the respective interests of tenants in common appear of record or can be conveniently ascertained, the railroad company, if it applies for the appointment of commissioners to assess the damages for right of way should, by their application, cause the damages to be assessed separately to each owner; but if it fails to do so and afterwards settles with a part of the owners, those not settled with may, upon appeal, have a reassessment of the damages to which they are entitled.

1. RAILROADS: ad quod damnum : tenants in common.

II. It is claimed by appellee that August's "settlement comprehends John's rights," and in support of this proposition the case of *Stapleton v. King*, 33 Iowa, 28, is cited. In that case it was held, that where two persons entered into a contract jointly for the keeping of sheep for certain shares of the wool, they would be so far regarded as partners as that a settlement made by one of them in the name of both, would bind both. But John and August Ruppert made no joint contract with the defendant; they parted with the right of way involuntarily. The assessment was made to them jointly, without any procurement or action upon their part. They sustained no relation to each other except that they were tenants in common of the land.

2. ——: ——: ——: settlement with one.

But it is claimed that John was concluded by August's acceptance of the one hundred dollars, because it did not then appear what were the respective interests of John and August in the land or in the award; yet it is admitted that they held title from a common grantor, and by one deed. Each, then,

owned an undivided half, unless the deed expressly showed otherwise.

III. It is further claimed by the appellee that the subsequent partition of the premises was good ground for dismissing the appeal. But the right of way was acquired when the damages were paid to the sheriff. All conveyances made afterwards were made subject to the right of way so acquired. Nothing remained to be determined except the question as to whether the damages assessed should be increased or diminished.

*3. ——: ——; partition.*

In dismissing the appeal as to John Ruppert, we think the Circuit Court erred.

REVERSED.

ROTHROCK, J., took no part in the determination of this case.