BAXTER, REED & Co., Appellees, v. SARAH MYERS, *et al.*, Appellants.*

**Fraudulent Conveyances:** ATTACK: FORMER ADJUDICATION. Where subsequent to the issue of an execution, but before a levy thereunder, a judgment was assigned to the plaintiffs herein, and thereafter a levy was made upon certain personal property, which the principal defendant herein claimed under a conveyance from the judgment debtor, and having brought an action of replevin against the sheriff to recover the same, the plaintiffs employed attorneys and assumed the management of the defense for such officer, claiming that said conveyance was without consideration and was made to hinder and delay creditors, and upon a trial on the merits, said issues were determined in favor of the defendant herein; *held*, that such judgment was a bar to a subsequent action in equity by the plaintiffs herein to set aside as fraudulent, upon the same grounds as above, a conveyance of real estate from said judgment debtor to said defendant, which was a part of the same transaction with the transfer of said personal property.

*Appeal from Ida District Court.*—HON. JAMES H. MACOMBER, Judge.

THURSDAY, MAY 19, 1892.

ACTION in equity to subject certain property to the payment of a judgment owned by plaintiffs.

*The opinion filed upon the first submission of this case was withdrawn by the court, and for that reason is not published in these reports. It may be found in 47 N. W. Rep. 879.

There was a hearing on the merits, and a decree in favor of the plaintiffs. The defendants appeal.— *Reversed*.

*W. A. Helsell*, for appellants.

*Warren & Buchanan* and *H. S. Bradshaw*, for appellees.

ROBINSON, C. J.—In September, 1888, one Williamson obtained in the district court of Ida county a judgment against the defendant John Myers. From that judgment an appeal was taken to this court, and a *supersedeas* bond was given, which was signed by J. W. Reed as surety. The judgment of the district court was affirmed, and judgment was rendered against Reed on the bond. Execution was issued on the judgment, and was by the sheriff of Ida county levied upon certain personal property as the property of John Myers. Thereupon the defendant Sarah Myers, the wife of John, brought an action against the sheriff to recover possession of the property he had taken under the execution. She alleged in her petition that she was the absolute and unqualified owner of the property; and that she acquired such ownership by purchase. The answer of the sheriff denied the ownership claimed, and alleged that on or about the seventh day of January, 1889, John Myers, for the purpose of hindering, delaying, and defrauding his creditors, without any valuable consideration, and to prevent the collection by Williamson of the amount due him, and to prevent the collection of any judgment which might be rendered by this court, made a pretended and fraudulent sale of the property to his wife; that the sale and conveyance to the wife were void, and that his detention of said property under the execution was not wrongful. The issues thus presented were tried by the district court of Ida county, and determined in favor of the wife in October, 1889. It appears that this action and

that were commenced at about the same time. The petition in this case recites the levy of the execution upon a part of the personal property which the sheriff seized, and also upon certain land, and alleges that the plaintiffs are the owners of the judgment against Myers; that the property so levied upon was claimed by Sarah Myers by virtue of certain conveyances thereof, made to her by her husband, and that they were without valuable consideration, and made to hinder, delay, and defraud the creditors of John Myers. Mrs. Myers denies the alleged want of consideration and fraud, and alleges that the validity of the conveyances was adjudicated, and that they were held to be valid in her action against the sheriff. It thus appears that the two actions grew out of the same levy, and that the parties claiming under the execution relied upon precisely the same facts to sustain the levy.

I. In an opinion filed on a former submission of this case, it was held that the plea of former adjudication was not sustained. On an application for rehearing, we were led to believe that the record had not been fully understood, and a rehearing was ordered, and the cause again submitted. It appears that after the sheriff received the execution, and before the levy was made, the judgment in favor of Williamson was assigned to the plaintiffs to protect J. W. Reed, who is a member of that firm. After that time the plaintiffs directed the levy to be made, and when the action was brought against the sheriff, employed attorneys and assumed the management of the defense for him. On the trial they were represented by Reed as well as by the attorneys they had employed. The plaintiffs were, therefore, the real, though not nominal, defendants, and were bound by whatever was adjudicated in that action. *Stoddard v. Thompson*, 31 Iowa, 80; *Marsh v. Smith*, 73 Iowa, 295; *Bellows v. Litchfield*, 83 Iowa, 36.

It is insisted, however, that the particular matters in controversy in this action were not necessarily tried and determined in the action against the sheriff, and that the court did not have jurisdiction in that action to determine the question involved in this. It appears clearly that the transfer of the real and personal property in question was effected at one time for the purpose of paying a claim made by the wife against the husband, and that the transfer constituted a single transaction. Therefore, when it was determined in the case against the sheriff that the conveyance of the personal property was valid, it was necessarily decided that the entire transaction was legal, and it was not essential that the title to the real estate should be expressly involved in that action, in order that the adjudication should apply to it. It is true, the action against the sheriff was an action of replevin, and the equitable powers of the court were not invoked. But the jurisdiction of the court in which the action was determined was ample to have granted any equitable relief in regard to both real and personal property to which the sheriff or his principals could have shown themselves entitled; and the case of *Gordon v. Kennedy*, 36 Iowa, 169, cited by the appellee, is not in point. In *Wright v. Mahaffey*, 76 Iowa, 100, and *Boyle v. Maroney*, 73 Iowa, 73, it was held that real estate of the debtor, the title to which is in another, cannot be reached by the process of garnishment, but that rule does not apply to this case. The plaintiffs have once had all matters in regard to the validity of the convey-ance in question fully investigated in a court of competent jurisdiction, and are bound by the result in that case. See *Newby v. Caldwell*, 54 Iowa, 103; *Stapleton v. King*, 40 Iowa, 283; *Hanna v. Read*, 102 Ill. 596; *Board of Supervisors v. Railroad*, 24 Wis. 123; *Castle v. Noyes*, 14 N. Y: 329; *Merriam v. Whittemore*, 5 Gray, 317; Freeman on Judgments, sec.

253.   A notice of appeal was served by the sheriff, but no *supersedeas* bond has been filed, and the judgment is in full force, and, as far as appears, is final.

II.   The defendant, John Myers, filed an answer, which contained a counterclaim.   A demurrer to the counterclaim was sustained, but we do not understand that he asks any relief in this court on that account if the decree of the district court as to the validity of the transfer of property made by him is reversed.   For the reason shown the decree of the district court is REVERSED.