WILLIAM A. JONES, Appellant, v. JOHN W. FOREMAN.

**Bailments:** NEGLIGENCE. Plaintiff made a note as security for Gray, payable to Smith, which was delivered to defendant. Defendant was Smith's loan agent. This particular note never became the property of Smith, but defendant forgot that fact. Gray and plaintiff left money with defendant to take up the note, and plaintiff, to defendant's knowledge, then canceled a mortgage which he held to secure him for being surety. Defendant paid the money to Smith to have said note canceled. Smith finding that he had none such returned the money to Gray, who is insolvent. *Held,* defendant was plaintiff's bailee and liable to him for the money left with defendant.

*Appeal from Buchanan District Court.*—HON. JOHN J. NEY, Judge.

TUESDAY, JANUARY 15, 1895.

This is an action to recover the sum of three hundred and seventy-eight dollars, for which it is alleged the defendant is liable to the plaintiff by reason of the wrongful and negligent act of the defendant in not

appropriating said money to the payment of a promissory note upon which plaintiff was liable as surety. There was a trial by jury, and a verdict and judgment for the defendant. Plaintiff appeals.—*Reversed.*

*E. E. Hasner* and *H. W. Holman* for appellant.

*Charles E. Ransier* for appellee.

Rothrock, J.—I. The facts of the case as set out in the pleadings, are not easily understood. They are, in themselves, intricate and involved. We will not follow the averments of the petition alone, but will make a statement of the pleadings, in connection with the undisputed facts as shown by the evidence. The plaintiff is the owner of a farm, which he leased to A. D. Gray. The nature of the tenancy was such that each of the parties had an undivided interest in all the stock and personal property used in carrying on the farm. Jones became an indorser on certain notes against Gray to the amount of about five hundred and forty dollars. Gray wanted more money, and on the third day of March, 1892, he and Jones went to Independence, and Gray borrowed three hundred and sixty dollars, for which he gave his note, which was signed by himself and his two sons, and Jones signed the same as surety. At that time Gray made a chattel mortgage to Jones to secure him for his liability as surety on the note for the three hundred and sixty dollars, and for previous liability for indorsements of paper. In the fall of 1892, Jones and Gray sold the personal property in which they were jointly interested at public sale, and took sale notes from purchasers. The notes were made payable to Jones and Gray. A division of the notes was made, and Jones and Gray went to Independence to sell Gray's part of the notes, and take up the paper on which Jones was liable for Gray, and thus

release Jones as surety for Gray. The defendant was county recorder, and was acting as agent for one A. C. Smith in buying promissory notes and when the note was made for the three hundred and sixty dollars it was in this form: "Independence, Iowa, March 3, 1892. One year after date, value received, we promise to pay to Arch C. Smith or bearer three hundred and sixty dollars, with interest at eight per cent. from date until paid. Payable at First National Bank, with reasonable attorney's fees, if sued. Interest payable annually. If interest is not paid when due, it shall draw interest at eight per cent. A. D. Gray. Wm. U. Gray. George Gray. Wm. A. Jones, Security." When Jones and Gray went to dispose of the sale notes, they presented them to Foreman, the defendant, and made a deal with him by which Jones supposed provision was made for the payment of all for which he was security for Gray. The note for three hundred and sixty dollars was not in the possession of the defendant, but the money to pay it, principal and interest, was left in the hands of the defendant, and he executed a writing in these words: "Received of W. A. Jones and A. D. Gray notes to the value of $378.58, to take up the note supposed to be dated March 2, 1892, for $360, at eight per cent., due in one year, and have paid the balance in cash, $432.47, for notes amounting to $811.32; the $360 note signed by W. A. Jones and A. D. Gray in favor of Arch C. Smith. Independence, Iowa, November 4, 1892. J. W. Foreman." When the note for three hundred and sixty dollars was given, Smith was not at Independence, and Foreman, in order to get the money on it at once, negotiated it at a bank, and it was not at any time owned by Smith. Jones and Gray supposed that Smith was the owner of the note, because the defendant was the agent of Smith, and the latter was the

payee named in the note. Foreman could not remember whether Smith held the note or not. The defendant required Jones and Gray to indorse the sale notes, which they did. When Smith returned, the defendant turned over all the sale notes to Smith, and Smith, not being the holder of the three hundred and sixty dollar note, paid the money to Gray; and, Gray and his sons being insolvent, Jones was compelled to pay the note to the Commercial Bank at Independence, the lawful holder of it. The right to recover from the defendant is based upon the claim that the defendant's relation to the plaintiff was that of bailee intrusted with the money retained by him to pay the note for three hundred and sixty dollars, and by reason of his carelessness Jones was damaged in the amount of money so left with the defendant. The defense is founded on the averment that Gray left the sale notes with him to be delivered to Smith for the purpose of taking up a note which was supposed to belong to Smith, and against said Gray; that the service on the part of defendant was solely an accommodation to Gray; and that defendant performed all the duties imposed upon him to the best of his ability. Upon the face of the transaction, as shown in the instrument signed by the defendant, his contract was with Jones and Gray, and his obligation was to "take up the note * * * signed by W. A. Jones and A. D. Gray in favor of Arch C. Smith." The evidence is undisputed that Jones paid the amount to the bank which he now seeks to recover, and that he was legally liable therefor, and that Gray and his sons are insolvent. The only real question in the case is whether the defendant knew that Jones had such an interest in the transaction as that he was entitled to be considered in the matter by the defendant before he put it in the power of Gray to receive the money. There is no question that

Jones relied on the defendant to take up the note. If not, he would not have released his mortgage. If he had no interest in seeing that the note was paid, he would have allowed Gray to have taken the money, and not left it with the defendant. The defendant testified that Jones said that the notes sold to him were Gray's share of the sale notes. He further testified that when the three hundred and sixty dollar note was mentioned he had forgotten about it, and had reason to believe it was held by Smith. He further testified that "there was a mortgage canceled there that day before the parties left the office." There is other evidence in the case to the effect that Jones stated afterwards that the notes sold to defendant for Smith were Gray's share of the sale notes. There is also evidence that the defendant wrote the mortgage from Gray to Jones, and took the acknowledgement, and it was left with him as recorder, and recorded.

The court, among other instructions, charged the jury as follows: "The defendant, Foreman, may also be acquitted of any liability in this case if he received these notes as the agent of A. C. Smith, and, as such agent, placed the notes in the hands of said Smith, according to instructions, to pay a note upon which plaintiff and Gray were liable, and supposed to be in said Smith's hands, and said Smith, without authority, paid the money to said Gray, whereby plaintiff was damaged; for if defendant, Foreman, did his duty by placing the note in Smith's hands, he is not liable for the acts of Smith, and is free from blame, and in such case your verdict will be for the defendant." This part of the charge is assailed by the plaintiff's counsel as erroneous. In our judgment, the objection is well taken. The obligation created by the contract had no reference to any default of Smith. The fact that defendant was agent for Smith in no manner affected

the rights of Jones. It was the duty of the defendant to know whether Smith held the note before putting it in his power to involve Jones. Counsel on one side assumes in argument that the written instrument signed by Foreman is a mere receipt, which may be explained by parol evidence. In behalf of plaintiff it is claimed it is a contract which explains itself; and the defendant testified as a witness in contradiction of the writing. This is an important question, which we do not feel called upon to decide. It might be well on another trial for counsel to give some attention to that question. See *Stapleton v. King*, 33 Iowa, 28, and authorities there cited; 19 Am. & Eng. Enc. Law, p. 1123.

II. Error is assigned because the court refused to require the jury to answer special interrogations submitted by the plaintiff. There was no error in this respect. They were not such questions as ought to have been submitted to the jury. This whole case rests upon the fact whether the contract made by the defendant was with Gray alone, and without any knowledge that Jones was interested as surety or indorser or mortgagee. If he did know that fact, he is liable to Jones for the loss. The fact that there was a loss is not disputed, except in the pleadings.

III. Other errors are assigned and argued which we do not think important to determine. They relate to instructions to the jury given and refused. The charge of the court is mainly directed to the question whether the defendant had notice that Jones was interested in the transaction. It appears to us that this was the pivotal question in the case, and we discover no other error in the instructions given and refused, except that above discussed. The judgment of the District Court is *reversed.*