## DURANT & CUTTING v. FISH.

**Principal and Agent:** FACTOR: DUTY OF. An order to a commission merchant to sell at once, accepting a certain offer, will not authorize him to sell upon credit to a party known to him to be irresponsible, and he is not liable if the goods depreciate upon his hands before a sale can be effected.

*Appeal from Linn District Court.*

### TUESDAY, JUNE 15.

PLAINTIFFS, who are commission merchants of Salt Lake City, brought this action to recover for a balance due from defendant on account of advances made by them upon a quantity of butter, chickens, and eggs consigned to them, or received by them for sale. The proceeds of the sale of the consignment, after paying expenses and charges, did not equal the advances made thereon by plaintiffs; the action is to recover the balance. It is alleged in the petition that the goods were unsound and not merchantable, and, for that reason, were sold for less than the expected price.

The answer alleges that, by the fault of plaintiff, the consignment was not sold at such a time and price as would have secured a profit; that plaintiffs failed to give the business the care and attention they had agreed, and were bound to render, and that sales were not made until the property had greatly depreciated in price, and that plaintiffs, at the time the consignment was received, were offered a satisfactory price for the eggs, and were instructed by defendant to sell to the party making the offer, at the price offered, which plaintiffs failed to do. By reason of these matters, it is alleged that the goods were sold for less than their market value when received, whereby defendant suffered damages, and judgment for the same is claimed. A trial resulted in a verdict and judgment for defendant, in the sum of $1,181.46. Plaintiffs appeal.

*Remley & Remley*, for appellants.

*C. R. Scott, Thompson & Davis*, for appellee.

BECK, J.—The defendant accompanied the consignment of goods which was transported from this state by railroad to Salt Lake City. After reaching its destination plaintiffs made the advancement thereon, for which defendant executed the following receipt.

"SALT LAKE CITY, UTAH, Dec. 7, 1872.

Received of Durant & Cutting $2,390, advanced on the following produce: 117 barrels of eggs, 12 tubs of butter, 6 kegs of butter, 3 barrels of chickens, left with them to be sold to the best advantage of the market.          WM. B. FISH."

There was evidence tending to show that before the execution of this receipt a person, called in the record "the Irishman," examined the eggs and offered therefor a price named. The plaintiffs were informed by defendant of this offer, and were afterwards directed by defendant to sell at the price to the person offering it. Plaintiffs introduced evidence tending to prove that "the Irishman," after due inquiry, was discovered not to be responsible for any offer he might make and that his purchase, if made, would have been on credit.

The court instructed the jury that if defendant "ordered plaintiffs to sell at once, and a sale could have been made at once it was the duty of plaintiffs to sell, and if they did not, but kept the produce until it was depreciated in value by reason of which there was a loss, the plaintiffs are liable to the defendant for any loss which occurred by reason of the delay."

The instruction, so far as it goes, does not announce the law incorrectly, but it fails to present a rule necessary for the guidance of the jury, in considering the evidence before them. The court should have told the jury that the failure of plaintiff to sell to the party making the offer, in obedience to defendant's instructions, was sufficiently excused by the fact that he was not responsible, and the sale to him, if made, would have been on credit. Instructions to this effect were asked by plaintiffs and refused. They should have been given. The defendant relied upon the failure of plaintiffs to sell to "the Irishman" pursuant to his instructions, in order to establish negligence on the part of plaintiffs. He did not, in the instructions

given plaintiffs order the sale to be made on credit, or in any other way release plaintiffs of responsibility if the purchaser had failed to pay for the goods. The plaintiffs therefore for their own protection had the right to decline the offer. But the instruction given lays down the law, to the effect that plaintiffs were bound to obey defendant's instruction without any qualification. It is very plain that the instruction given, without the explanation and modification contained in those asked by plaintiffs, was calculated to mislead the jury.

It is true that in another instruction the jury was informed that plaintiffs were not bound to sell on credit. But this direction is found in connection with rules governing the duty of plaintiffs, in the absence of instructions from defendant. The jury may have understood the direction as applicable only to this case, should they fail to find that directions were given as claimed by defendant. We are of the opinion that this probably was their understanding of it.

In our opinion the instructions taken together failed to present to the jury clearly the rules of law governing the rights of the parties.

Other questions raised in the arguments of counsel need not be considered, as the judgment must be reversed for the reasons stated.

REVERSED.