WILLIAMSON v. REDDISH.

1. **Receipt:** WHAT IS: LOST NOTE. An instrument given by the payee of a lost note, upon the execution of another note in its stead by the maker, stipulating that if the lost note comes to hand it shall be null and void, is a receipt and may be contradicted or explained by parol evidence.

2. **Promissory Note:** RECEIPT: BURDEN OF PROOF. Where in an action upon a promissory note the defendant introduces in evidence a receipt, the execution of which is admitted, the defendant may then rest, and the burden of explaining the receipt rests upon the plaintiff.

3. ——: ——: ——. Where the plaintiff insisted that, notwithstanding the receipt, there was still due upon the note an unpaid balance, he had the burden of showing that fact and it was error to instruct the jury that the defendant was required after the introduction of the receipt to show that payment had been made of the entire amount due on the note. ADAMS and BECK, JJ., *dissenting*.

*Appeal from Warren Circuit Court.*

FRIDAY, APRIL 6.

ACTION upon a promissory note for two hundred dollars and interest. Defense admitting the execution of the note, and alleging the payment of one hundred dollars of principal, and the interest due on the whole note, and the execution of a new note for the remainder. Trial by jury, verdict and judgment for plaintiff for the amount claimed, and defendant appeals.

*Bryan & Seevers*, for appellant.

*Williamson & Parrott*, for appellee.

ROTHROCK, J.—I.  Sometime after the execution of the
original note it was lost or mislaid by plaintiff, and on appli-
cation to defendant a new note was made.  The new note was
for one hundred dollars.  The plaintiff claims that it was
made for one hundred dollars by mistake, and that it should
have been for two hundred dollars.  The defendant claims
that at the time the new note was made he paid plaintiff one
hundred dollars principal and twenty dollars interest.  The
plaintiff denies the alleged payment.  At the time the new
note was made the plaintiff delivered to defendant a receipt,
of which the following is a copy:

"AUGUST 4th, 1869.
" This receipt I give against a lost note that I had against ·
George S. Reddish and James Kenyon, surety to it.  If this
note ever comes to hand it shall be null and void and of no
force.  This note calls for two hundred dollars, and was dated
August 4, 1868.     (Signed.)     " ELIJAH WILLIAMSON."

Counsel for defendant insist that this paper is more than a
receipt, that it is a contract and cannot be contradicted by

**1. RECEIPT:
what is: lost
note.**

parol in this proceeding, and they cite *Stapleton
v. King*, 33 Iowa, 28, and other cases.  We do
not think that any of the cases cited support this position, but
are united in the belief that there are none of the elements
of a contract in this paper further than is contained in a
simple receipt for money or the like.  The obligation that the
lost note shall be invalid is nothing more than would be im-
plied in an ordinary receipt for money in payment of the note.

II.   The court instructed the jury *inter alia* as follows:

" 2d.   The receipt which the defendant has introduced in

**2. PROMIS-
SORY note:
receipt:
burden of
proof.**

evidence makes out a *prima facia* case for the
defendant as to what it recites or sets out, but the
same is open to explanation and the burden of
explaining the same is upon the plaintiff."

"4th. One of the principal matters in controversy in this suit is the alleged payment of $120, which defendant alleges he paid the plaintiff on the indebtedness now in suit. The burden of showing such payment is on defendant, and if the jury find from the evidence that the defendant paid the $120 as claimed, then you will allow him a credit for such sum at the day of payment.

"5th. It is claimed by the plaintiff that at the time of the execution of the $100 note there was a mistake, and that the note should have been for $200 or more; the burden of proof is on the plaintiff to establish such mistake, if any, by a preponderance of evidence."

Exception was taken by defendant to the fourth instruction. There is no question made as to the second and fifth instructions above set forth, and we believe them to be correct. The plaintiff in his petition alleges the mistake, and of course it was incumbent on him to show it. On the trial the execution and delivery of the receipt were admitted, and the plaintiff could not recover without explaining or contradicting the receipt. Until this be done the defendant need offer no proof; he might stand on the receipt.

This being the attitude of the case before the court, there was error in instructing the jury that the burden was on the defendant to prove the payment of the $120. This he did by the production of the receipt, more effectually than he could by parol evidence, and there was no necessity for more evidence on his part, and a verdict must necessarily have followed for him, unless the plaintiff could by evidence explain or vary the receipt, consistent with his theory of the case.

The defendant at the trial introduced the receipt and rested. The whole controversy thereafter was an effort on the part of plaintiff to show that the receipt was founded in mistake. While it was technically true that the burden was on the defendant to show payment, yet it seems to us that the court, in the fourth instruction, lost sight of the legal effect of the receipt.

We cannot escape the conclusion that the omission to keep before the minds of the jury the legal effect of the receipt might,

to say the least, have led them into the mistaken belief that something more was necessary upon the defendant's part, to show payment, than the introduction of the receipt. If the instruction had this tendency to mislead it is erroneous. See *Price v. Mahoney*, 24 Iowa, 582.

As the case must be reversed for this error it is unnecessary to examine the question as to whether the verdict was supported by the evidence.

REVERSED.

ADAMS, J., *dissenting.*—Where, in an action upon a promissory note, the defendant admits the execution of the note, and pleads payment, and the parties proceed to trial upon that issue, the burden is upon the defendant to prove the payment. If, in the progress of the trial, the defendant introduces in evidence a receipt of payment, the execution of which is admitted, the defendant may then rest, the burden being shifted to the plaintiff to so explain the receipt as to destroy its force. So far there cannot, of course, be a difference of opinion. Yet, I think that the instructions given by the Circuit Court do not differ in substance from the foregoing statement. Perhaps the majority of the court would so concede, but they think that they are susceptible of another meaning.

The court instructed the jury that the burden of proving payment was on the defendant. This was true, if the court had reference to the case as it stood at the commencement of the trial; it was not true, if the court had reference to the case as it stood after the introduction of the receipt. The majority of this court think that the Circuit Court might have been understood as having reference to the case as it stood after the introduction of the receipt. But, it should be observed that in the second instruction the Circuit Court expressly charged the jury that the introduction of the receipt made a *prima facie* case for the defendant, and imposed upon the plaintiff the burden of explaining the receipt. It will be seen that the legal effect of the receipt is expressed in language that is unmistakable. In the majority opinion this is not denied, but it is said that the jury might have been misled by the omis-

sion to keep the legal effect of the receipt before their minds. Omission to repeat an instruction cannot, I think, be regarded as ground for reversal.

Again, where a jury is instructed that the burden of proof is upon the defendant it is to be understood that the court refers to the issue as made by the pleadings, unless there is something to indicate that the court refers to the status of the case at some particular point in the progress of the trial. In this case there is, to my mind, not only no such indication, but the idea seems to be precluded. To suppose that the court referred to the status of the case after the introduction of the receipt would involve a ˙ palpable contradiction of terms. Under such a construction of the instructions the jury must have understood the court as saying in substance that although the introduction of the receipt made a *prima facie* case for the defendant, still the burden of proof remained upon the defendant, and he could not succeed without additional evidence. If we suppose the jury so understood the court we must suppose that they were ignorant of the meaning of the language used; but as that is free from ambiguity or obscurity such a supposition is not allowable.

Mr. Justice BECK concurs with me in this dissent.