CLARK M. ROBERTS and Another v. R. E. COBB.

June 8, 1899.

Nos. 11,565—(153).

### Factor—Duty to Consignor—Verdict Sustained by Evidence.

A factor is bound to possess a reasonable degree of skill and knowledge, and to exercise that skill and knowledge with reasonable care and prudence. He undertakes for that degree which an ordinarily discreet, prudent, and diligent man would exercise in his own business under the circumstances. If he exercises less than that degree of skill and knowledge, and loss ensues, he is liable therefor. If, for example, he delays a sale of goods consigned to him for an unreasonable length of time, and the goods depreciate in value, so that his principal loses, he is liable for such loss. *Held,* on appeal from a judgment entered against the plaintiff in accordance with an order of the court below directing the entry of such a judgment notwithstanding a verdict in plaintiff's favor, that the evidence was ample to support the verdict, and that the trial court erred when directing the entry of judgment non obstante.

Action in the municipal court of St. Paul to recover $360 damages for negligence in handling a consignment of apples. The case was tried before Orr, J., and a jury, which rendered a verdict in favor of plaintiffs for $103.64. Afterwards the court made an order granting a motion for judgment in favor of defendant notwithstanding the verdict; and from a judgment entered pursuant to the order, plaintiffs appealed. Reversed.

*Henry Conlin,* for appellants.

*M. L. Countryman,* for respondent.

COLLINS, J.

Action to recover damages on the ground of alleged negligence on defendant's part in handling, as a commission merchant, a car load of fall apples shipped to him by plaintiffs. The latter were in business at Irving, Illinois, while defendant's place was at St. Paul, in this state.

The facts were that the apples (a car load consisting of 160 barrels) were shipped by rail from Irving August 28, 1897, and reached St. Paul August 31. The shipment was not entirely unexpected

by defendant, for there had been prior correspondence between the parties concerning the same. On the day of shipment plaintiffs mailed a letter at Irving by which they advised defendant of the fact, inclosing a list of the varieties of apples shipped. This letter defendant received, but he fixed no time, and the presumption is that it was by due course of mail, not later than the day on which the car arrived,—August 31. A messenger from the railway freight office testified that on the day of the arrival of the car he notified defendant, or some one in his office, of such arrival, and defendant did not assert on the trial with any degree of positiveness that this notice was not given. Nor was defendant positive as to when he first examined the apples after their arrival, but he thought it was on the fourth or fifth of September,—seven or eight days after the day of shipment. On one of those days he had an offer for the car load, but less than the market value. The offer was declined because he was of opinion that more could be obtained. The next day he attempted to accept this offer, but the buyer refused to take the apples at any price when, upon examination, he found the condition they were in. They remained in the car until about September 10,—the day, like many others concerning which defendant was questioned, not being fixed with precision,—when a part were sold from the car, and the balance removed to defendant's place of business, and there disposed of. The weather from September 1 had been hot; the apples were of quite perishable varieties, as defendant well knew from having experience in his business; they were nearly worthless when taken from the car, and were sold for less than the freight charges, when, if in good condition, they should have brought from $1.50 to $2 per barrel.

The complaint charged that the apples should have been sold within a reasonable time after their arrival, not to exceed six days, and the plaintiffs must be bound by this allegation. The defendant stated on the trial that apples of the varieties in question would keep, under the conditions which prevailed,

"Anywhere from six days to probably two weeks; that is, they would keep, but show deterioration in value; they would commence to get specked, and would have to be repacked."

He should not complain if the jury acted upon this statement.

At the close of the case counsel for defendant moved that the court instruct the jury to return a verdict for defendant on the evidence, and duly excepted to a denial of the motion. The verdict was for plaintiffs, and upon the minutes of the court and the files and record defendant's counsel moved for an order for judgment in favor of his client notwithstanding the verdict. The motion was granted, and the appeal is from the judgment; a case having been settled and allowed in the court below.

The principal question submitted to the jury in this case was whether defendant exercised reasonable diligence in handling and disposing of plaintiffs' goods which had been consigned to him for that purpose. As a factor he was bound to possess a reasonable degree of skill and knowledge, and to exercise that skill and knowledge with reasonable care and prudence. A factor undertakes for that degree which an ordinarily discreet, prudent, and diligent man would exercise in his own business under the circumstances. If he exercises less than that degree of skill and knowledge, and loss ensues, he is liable therefor. If, for example, he delays a sale of goods consigned to him for an unreasonable length of time, and the goods depreciate in value, so that his principal loses, he is liable for such loss. Mechem, Ag. §§ 1006, 1018. The evidence produced on the trial is to be tested by these rules, and usually the question involved is one of fact, to be determined by the jury.

When ordering judgment for defendant notwithstanding the verdict, the court below seems to have been convinced that from the evidence it conclusively appeared that defendant had not been negligent in respect to the skill and diligence he should have exercised when undertaking the sale of plaintiff's apples. We cannot agree with the court below, for, in our judgment, the proof amply sustained the verdict. There was evidence which warranted the jury in believing that defendant knew of the arrival of the fruit August 31. He knew that the varieties sent to him were not good keepers, and that they were easily affected by the hot weather which was then prevailing. While there is some very general testimony of his own as to seeking purchasers for apples and other goods he had on commission and still in the cars, it does not appear

that he made any effort to discover the condition of plaintiffs' apples until the fourth or fifth of September, and then found that they were unsalable as fruit in good condition. What was done for four or five days thereafter until he sold was not shown. The fact is that the evidence was abundant to warrant a finding that apples of very perishable varieties, as defendant well knew, were allowed to remain in the car, while the weather was unfavorable, for at least ten days, without any very great effort on his part to make a sale, and, in addition to the facts which were disclosed at the trial, there was introduced in evidence a letter written by defendant to plaintiffs on October 2, in which the former admitted that he was derelict to some extent in respect to making a sale.

The judgment is reversed, and on remittitur the court below will cause judgment to be entered in accordance with the verdict.