N. T. Burroughs v. Butler-Ryan Company, Appellant.

Chattel Mortgage: SALE OF PROPERTY. CONSENT OF MORTGAGEE: CONVERSION. An action for the conversion of mortgaged personal property will not lie where the property has been acquired with the consent of the mortgagee, and where the mortgage by implication authorizes the mortgagor to sell the property and there is evidence of the mortgagee's consent, that question should be submitted to the jury, and an instruction that as a matter of law there was a conversion, is error.

Sale of Mortgaged Property:  CONSENT OF MORTGAGEE:  EVIDENCE.
2    Where a contract for the sale of mortgaged property is signed
      by the mortgagor, and it is shown to contain the agreement
      under which the property was transferred and also a guaranty
      by the mortgagee of its performance, it is admissible in an
      action by the mortgagee for conversion to show his knowledge
      of the disposition of the property.

Contract of Mortgagor:  LIABILITY OF MORTGAGEE.  Consent by the
3    mortgagee to a sale of part of the mortgaged property will not
      render him liable for a breach of the mortgagor's contract in
      respect to the sale.    .

*Appeal from Cherokee District Court.*—Hon. WILLIAM
HUTCHINSON, Judge.

MONDAY, OCTOBER, 12, 1903.

ACTION at law to recover the value of brick sold to the defendant by one J. M. Starbuck.   Starbuck manufactured the brick in question, and, in advance thereof, borrowed money of the plaintiff, and executed to him a mortgage thereon as security for his loans.   The mortgage gave the plaintiff the right to sell the brick so manufactured, and provided that no sale should be made by Starbuck without the consent of the plaintiff; and, further, that the plaintiff should have the right to collect all accounts due for sales made by either party.   Starbuck contracted with the defendant to furnish it a large quantity of brick at an agreed price.   He furnished a part thereof, but failed to fully perform his contract.   The plaintiff sued for the value of the brick so furnished to the defendant, alleging his lien thereon, and a conversion by the defendant.   There was a trial to a jury, and a verdict and judgment for the plaintiff.   The defendant appeals.— *Reversed.*

*William Mulvaney* and *How & Butler* for appellant.

*F. C. Herrick* for appellee.

SHERWIN, J.—The plaintiff's claim is based upon an alleged conversion of property upon which he held a lien by virtue of a chattel mortgage, and such was the theory of the trial in the district court. It is elementary that there is no conversion of property where it has been acquired and used with the consent of the owner or pledgee. The brick in controversy were undoubtedly covered by the plaintiff's mortgage, but the mortgage itself, by implication at least, provided that they might be sold by Starbuck with the consent of the plaintiff; and, if he did in fact give his consent to their sale to the defendant, there was no conversion, and an action therefor could not be maintained upon the theory presented by the pleadings and upon which the case was tried. The question of plaintiff's consent to the sale was a material one, and the court should have instructed the jury thereon, instead of instructing as a matter of law that there was a conversion. It is true that forms of action have been abolished by statutory enactment, but this does not aid the plaintiff in his contention that he was entitled to recover at any rate, or under a different theory. The defendant was entitled to instructions correctly covering the theory of the case presented by the pleadings and the evidence, and upon which it was tried, and, if the court failed to so instruct, it is reversible error.

The contract drawn for the signature of Starbuck and the defendant should have been admitted in evidence. It was signed by Starbuck, and, while not signed by the defendant, the testimony clearly shows that it in fact contained the agreements under which the brick were furnished by Starbuck to the defendant, and it was competent for the purpose of showing the plaintiff's knowledge of what Starbuck was proposing to do with the brick manufactured

*1. SALE of mortgaged property: consent of mortgagee: conversion.*

*2. SALE of mortgaged property; consent of mortgagee; evidence.*

by him, and as tending to show the plaintiff's consent to the sale, and the terms thereof. If the plaintiff consented to a sale under an express contract providing for the payment of damages by Starbuck in case he failed to perform, it is clear that he cannot now recover the contract price of the brick regardless of the damages suffered by the defendant by reason of Starbuck's failure.

The mere fact that the plaintiff consented to the sale of the brick to the defendant would not, in our judgment, render him liable for the breach of Starbuck's contract, 3. CONTRACT of mortgagor: liability of mortgagee. and the record contains no evidence which would warrant a finding that he is so liable. Nor is there evidence to sustain the contention that the contract between the plaintiff and Starbuck created the relation of principal and agent, instead of that of mortgagor and mortgagee. Hence we conclude that the liability of the plaintiff under the defendant's contract with Starbuck was properly withdrawn from the consideration of the jury.

What has already been said disposes of the plaintiff's appeal from the order denying his motion for a judgment for a sum in excess of the verdict.

For the reasons stated, the judgment is reversed on the defendant's appeal.—REVERSED.