HERMAN KEMPE, Appellant, v. BENNETT & BINFORD.

**Fraud:** INSTRUCTIONS. The plaintiff in an action for fraud based
1   upon a general plan of acts and statements intended to de-
ceive, is entitled to have his theory of the case submitted to the
jury; and omission of all reference of liability upon proof of
the general plan which the court outlined in stating the issues,
at the same time instructing that proof of certain alleged acts
and statements will not authorize recovery, is erroneous.

**Fraud:** EXCHANGE OF LANDS: WITHDRAWAL OF EVIDENCE. In an ac-
2   tion for fraud in procuring title to land, pursuant to a con-
tract for the exchange of properties, withdrawal of evidence as
to defendant's representations of the value of his land and by
which a deed placed in escrow was obtained, was erroneous.

*Appeal from Marshall District Court.*— HON. OBED CAS-
WELL, Judge.

THURSDAY, MAY 9, 1907.

ACTION to recover damages for fraud and deceit.   Ver-
dict and judgment for defendant.   Plaintiff appeals.— *Re-
versed.*

*Boardman & Lawrence* and *Geo. M. Lyon,* for appel-
lant.

*J. J. Wilson,* for appellee.

McCLAIN, J.— Plaintiff's cause of action, as indicated
by the allegations of his petition and the evidence intro-
duced in support thereof, rests on the general fraudulent
wrong-doing of defendants in inducing plaintiff, who had
for sale a business block in the city of Marshalltown, subject
to incumbrance, to enter into negotiations with defendants
for the exchange of the equity in said business block for
land in North Dakota represented as being worth $2,000.

and to execute a deed, blank as to grantee, for the business block, and deposit it with a third person, with the condition that it should not be delivered until plaintiff had examined the North Dakota land, and was satisfied therewith, and then wrongfully procuring the deed to plaintiff's property from the possession of the custodian, filling defendants' names as grantees into said deed, and making conveyance to an innocent purchaser, thus depriving the plaintiff of his property. Other incidents of the general fraudulent plan of defendants, as alleged by plaintiff, consisted in procuring from one Mineah a deed to a half section of land in North Dakota, and delivering to plaintiff's insane wife a deed for a quarter section of said land, retaining title to the balance in themselves until on the complaint of Mineah the remaining quarter section was redeeded to him. With reference to these allegations, which were generally denied, and this evidence, which was to some extent controverted by evidence introduced on behalf of defendants, the court instructed the jury, in stating to them the issues, that plaintiff averred the whole plan and action of defendants in the premises was to cheat and defraud plaintiff, and that the plaintiff was cheated and defrauded out of his real estate; said fraud consisting of the following wrongful acts and statements of defendants: Falsely representing to plaintiff that defendants owned certain land in North Dakota, and that it was of the value of $2,000; inducing plaintiff to place in the custody of a third person a deed in blank of his Marshalltown real estate; procuring unlawful and wrongful possession of said deed, contrary to the terms and conditions and agreements under which it was deposited; transferring plaintiff's real estate to themselves by wrongfully inserting their names as grantees in said deed; deeding one-half of the North Dakota land procured by them from Mineah to plaintiff without his knowledge; secretly placing the deed therefor of record; and delivering it to plaintiff's insane wife. Having thus stated the issues, or rather the allegations of fraud

on which plaintiff relied, and which the court thereby told the jury would, if proven, entitle the plaintiff to recover, and having further specifically told the jury that the action was based upon the alleged false and fraudulent representations, statements, and acts of defendants, and that plaintiff sought to recover the damages resulting to him therefrom as set forth in its preceding statement of the issues, the court proceeded to instruct the jury that a misrepresentation, to be fraudulent, cannot be an opinion merely, but must be as to a present material existing fact or facts, must be knowingly false, must be relied upon, and must work injury; and that plaintiff's action was based upon the alleged fact that plaintiff had real estate in Marshalltown which defendants by fraudulent statements, representations, and acts obtained the title to and transferred to an innocent purchaser, by falsely representing to him that they would convey, or cause to be conveyed to him, a half section of land in North Dakota; and that defendants in fact owned no such land, and had not conveyed, or caused to be conveyed, to him any land whatever. The jury were further instructed that plaintiff could not recover for breach of contract, nor for refusal to convey to plaintiff the North Dakota property, unless it should be found that the result was brought about by fraud and deceit, and that if they found plaintiff did not rely upon the representations made by defendants, but refused to act until he could see the Dakota land and judge for himself, then he could not recover by reason of any fraudulent representation in regard thereto.

We think that the court did not in its instructions submit for the determination of the jury the issues stated by it in its preliminary statement of the case. In such preliminary statement, it referred to a general

1. FRAUD: in-
structions.

plan of defendants to defraud, consisting of a series of wrongful acts and statements, and then it practically told the jury with reference to a part only of these alleged wrongful statements that they would, if proven, not

entitle the plaintiff to recover; and nowhere told the jury that the proof to their satisfaction of all the alleged wrongful statements would establish the plan to defraud rendering the defendants liable, although it had in the preliminary statement recognized the fact that liability of defendants would result from the establishment of all the facts alleged as showing such fraudulent plan. In other words, the court diverted .the attention of the jury from the general issue of fraud and deceit effected by means of a general plan, to the issue as to whether certain portions of the facts would in themselves constitute a right of recovery on the part of the plaintiff, and authorized the jury to find for defendants, notwithstanding the proof of some of these specific facts. It is difficult, without setting out in full the pleadings, the evidence, and the instructions, to make specific the particular errors committed by the court in these instructions. It is sufficient to say that the case was submitted to the jury on a different theory than that outlined in the preliminary statement, and this is a sufficient ground for reversal.

The essential fact to entitle the plaintiff to recover was that defendants, by their wrongful acts and misrepresentations, had induced plaintiff to execute a deed in blank, and deposit it, to be held until he could examine the North Dakota land, which was offered him in exchange, and then, before he had made such examination or accepted the conveyance of said land, procured from the depositary the deed to plaintiff's property, and transferred apparent title thereof to an innocent purchaser, thus depriving plaintiff of his property. No such issue was in fact presented to the jury by the instructions, which specifically referred to the facts and circumstances which must be proven to entitle the plaintiff to recover on this theory. That the court must instruct the jury with reference to plaintiff's theory of the case, provided that under such theory he would be entitled to recovery on proof of the essential facts, is well settled. *Owen v. Owen*, 22 Iowa, 270; *Durant v. Fish*, 40 Iowa, 559;

*State v. Glynden,* 51 Iowa, 463; *Aultman v. Lee,* 43 Iowa, 404; *Williamson v. Reddish,* 45 Iowa, 550; *McKern v. Albia,* 69 Iowa, 447; *Hill v. Aultman,* 68 Iowa, 630; *Burroughs v. Butler-Ryan Co.,* 121 Iowa, 215.   These cases are cited by way of illustration only, and many more could be referred to; but the fundamental proposition is elementary that the instructions must relate to the cause of action which plaintiff attempts to establish, and not to some other possible cause of action which might be supported by some of the facts involved.   For instance, the court instructed the jury as to the effect of the truth or falsity of the defendants' representations that they had North Dakota land, and that it was of the value of $2,000.   The representation of the value of the land might or might not be material, if the action had been for fraud and deceit in exchanging land to the plaintiff for his property; but the materiality of these representations as a basis of recovery for fraud was wholly different from their materiality as a part of a general plan to defraud plaintiff of his property.   The case must be reversed for failure of the court to submit to the jury the plaintiff's theory, which, if the jury found with the plaintiff on the evidence, would have entitled him to a recovery.

With a view to a new trial, it is proper to say, further, that there was error in withdrawing from the consideration of the jury evidence of defendants' representations as to 2. FRAUD: exchange of lands: withdrawal of evidence. the value of the North Dakota land, and also evidence as to the representations made by them to Mineah, by which they procured the latter to place the title of the North Dakota land in them. These representations would not, in themselves, or taken together, make out a case against the defendants; but they were material in determining whether defendants procured the making of a deed by plaintiff and wrongfully took possession of the same, thereby depriving plaintiff of the title with a fraudulent purpose to injure him.   They might be considered by the jury as tending to show a fraudulent plan,

although not in themselves constituting actionable fraud and deceit.

The judgment is *reversed.*