**TOWN OF RADCLIFFE, IOWA,**
Appellant,

v.

**P. R. CARROLL, Jr., Appellee.**

No. 18129.

United States Court of Appeals
Eighth Circuit.

May 17, 1966.

Michael Figenshaw, of Bradshaw, Fowler, Procter & Fairgrave, Des Moines, Iowa, made argument for appellant and filed brief with D. J. Fairgrave, Des Moines, Iowa.

Robert A. Gamble, of Gamble, Riepe, Martin & Webster, Des Moines, Iowa, made argument for appellee and filed brief with B. A. Webster, Jr., Des Moines, Iowa.

Before MATTHES, MEHAFFY and GIBSON, Circuit Judges.

MEHAFFY, Circuit Judge.

This appeal is from a judgment for plaintiff based on a jury verdict in a personal injury action. Damages were awarded for injuries resulting from plaintiff's fall caused by an electrical shock from contact with a worn electrical wire on defendant's water tower. Defendant owned and maintained the water tower and had engaged plaintiff, a steeple jack, to clean and inspect the water tank. We affirm the judgment.

Jurisdiction is established by diversity of citizenship and the requisite amount in controversy. The substantive law of Iowa controls.

Plaintiff is an employee of National Tank Maintenance Corporation of Des Moines, Iowa, which contracted with defendant to clean and estimate the replacement cost of defendant's water tank. Plaintiff had completed his task and in

descending contacted the uninsulated wire. The wires in question furnished electricity for a siren mounted on the tower and extended from a fuse box in an adjoining pump house. Its attachment to the tower is unclear but it entered the siren on both sides of a ladder constructed to a tower leg. It was near this siren that plaintiff was shocked. Evidence of both parties revealed that the insulation near the siren was "weathered, old and partially bare." There was also testimony concerning the anticipated removal of the wire from among adjacent tree branches because of worn insulation. Aside from knowledge of the wire's weathered condition near the tree and knowledge that they had been in place "quite awhile," there is no direct evidence that defendant knew they were bare near the siren. In any event, plaintiff was not cautioned.

For reversal, defendant asserts (1) the absence of evidence to justify a finding of defendant's negligence and establish plaintiff's freedom from contributory negligence; and challenges (2) the improper admission into evidence of the custom among steeple jacks of descending water towers by their supporting "swayrods"; (3) the correctness of the District Court's charge to the jury; and (4) the application of the doctrine of *res ipsa loquitur*.

■ In determining whether plaintiff established defendant's negligence and his own freedom from contributory negligence, special consideration must be given to the dangerous nature of electricity and its transmission. The character of the instrumentality is an important factor in determining whether defendant exercised reasonable or ordinary care under the circumstances. Clinton Foods, Inc. v. Youngs, 266 F.2d 116 (8th Cir. 1959), cert. denied, 361 U.S. 828, 80 S. Ct. 77, 4 L.Ed.2d 71 (1959); Iowa-Illinois Gas & Electric Co. v. Young, 179 F.2d 485 (8th Cir. 1950); Cronk v. Iowa Power & Light Co., 138 N.W.2d 843 (Iowa 1965); Beman v. Iowa Electric Co., 205 Iowa 730, 218 N.W. 343 (1928).

■■ Also, the question of defendant's negligence in maintaining the agency of electricity and plaintiff's freedom from contributory negligence are ordinarily questions for the jury. Clinton Foods, Inc. v. Youngs, supra; Iowa-Illinois Gas & Electric Co. v. Young, supra; Beman v. Iowa Electric Co., supra; Loveless v. Town of Wilton, 193 Iowa 1323, 188 N.W. 874 (1922). So it is with the instant case. There is testimony that the wire had not been inspected or repaired prior to the accident and that at least sections were known to be weathered. Plaintiff testified that he was on the water tower ladder when he came into contact with the wire. Two eyewitnesses stated instead that plaintiff slid down a "swayrod" and was attempting to reach the ladder when he was shocked. In addition, there was evidence that the bare wire was in plain view—its defects apparent—and that reasonable precautions and observation by plaintiff would have prevented his injury.

In view of the higher standard of care imposed on defendant due to its maintaining the electric wires, the trial court was justified in holding that the plaintiff had presented sufficient evidence to establish a fact question regarding defendant's negligence and plaintiff's freedom from contributory negligence.

*Admissibility of Evidence of Custom*

Plaintiff's witnesses testified that it is customary for steeple jacks to descend from water towers by sliding down "swayrods" or other members of the tower's structure, rather than climb down the ladder. There was credible evidence that plaintiff had, in fact, descended part way down the tower via the swayrod. Defendant's objection to the admission of this evidence is unfounded as his theory and supporting authorities of the necessity of notice of custom within a trade deal with contract law and are not applicable in the field of negligence.

■■ It is settled in Iowa that evidence of the customary and usual method of performance, although not conclusive on the issue, is admissible as to whether that performance was reasonable under

the circumstances. McCrady v. Sino, 254 Iowa 856, 118 N.W.2d 592 (1962); Gibson v. Shelby County Fair Ass'n., 246 Iowa 147, 65 N.W.2d 433 (1954); Johnson v. Johnson, 245 Iowa 1216, 65 N.W. 2d 157 (1954); Webber v. E. K. Larimer Hdwr. Co., 234 Iowa 1381, 15 N.W.2d 286 (1944). While there are exceptions of possible application to the instant case, defendant neither specified these exceptions in his objections nor offered an evidentiary basis for their sustainment. Consequently, we should not disturb the trial judge's decision to admit the evidence of custom. See Jackson v. Chicago, M. St. P. & P. R.R., 238 Iowa 1253, 30 N.W.2d 97 (1947).

*Jury Instructions*

■ Defendant argues that the trial court erred in refusing to give defendant's requested instruction defining a landowner's duty to an invitee. This duty was adequately defined and discussed in another instruction, and since they must be considered as a whole, we will not reverse absent flagrant error such as in an instruction that when read even with others continues to give the jury an erroneous rule of law. Here, the challenged instruction deals with plaintiff's theory of the case and such instruction is always proper when there is substantial evidence to support it. Kuehn v. Jenkins, 251 Iowa 718, 100 N.W.2d 610 (1960); Kempe v. Bennett, 134 Iowa 247, 111 N.W. 926 (1907).

*Applicability of Res Ipsa Loquitur*

The defendant contends that the doctrine of *res ipsa loquitur* has no application here as the cause of plaintiff's injury is known, i. e., the fall occasioned by the electric shock from the bare wire. Additionally, defendant asserts that evidence surrounding plaintiff's injury was as accessible to plaintiff as to defendant, thus negating the underlying basis for the doctrine. Augspurger v. Western Auto Supply Co., 134 N.W.2d 913 (Iowa 1965) and Eaves v. City of Ottumwa, 240 Iowa 956, 38 N.W.2d 761, 11 A.L.R.2d 1164 (1949).

■ However, we find considerable support for application of the doctrine in cases factually similar to the instant case. See Orr v. Des Moines Electric Light Co., 213 Iowa 127, 238 N.W. 604 (1931); Beman v. Iowa Electric Co., supra; Duncan v. Fort Dodge Gas and Electric Co., 193 Iowa 1127, 188 N.W. 865 (1922).

Defendant's attempt to distinguish the instant case from the Iowa general rule is unsuccessful. While it is true that *res ipsa* would not apply when the precise cause of the injury is known, it is necessary to go beyond showing the *physical* cause of the injury and disclose the *actionable* cause or the precise negligent act or failure to act proximately resulting in injury. Applied to the facts at hand, it is obvious that plaintiff's injurious fall was caused by his contact with a bare electric wire. However, the actionable cause, if one exists, could be failure to shut off the current during maintenance, use of excessive current, failure to inspect and repair a dangerous agency, or failure to warn. This is the ultimate fact to be found by the jury under the doctrine of *res ipsa* and its resulting presumption. In the cases cited by plaintiff in which *res ipsa* applied, the physical cause of the injury—either a bare or overloaded electric wire—was known, but the doctrine applied to require defendant to rebut the presumption that he was negligent in allowing the physical cause to exist.

In addition, the evidence of the actionable cause of the injury is more accessible to defendant than to plaintiff. The municipal officials were certainly in a better position to know the danger in the situation and whose duty it was if not its own, to maintain the wires or shut off the current when men were working. If the city had any defense, they could have come forward with it. Failing to do so, their objection to the doctrine of *res ipsa* should not be heard.

The judgment is affirmed.